THE LEAVENWORTH, NORTHERN & SÒUTHERN RAILWAY
        COMPANY V. JOSEPH WHITAKER.

1. PETITION IN ERROR — *Leave to Amend, Granted.*  Where a petition in
   error is filed in the supreme court, with a part of the transcript of
   the cause annexed thereto, within one year after the rendition of the
   judgment, and before the expiration of the year a motion is filed to
   attach the case-made to the petition in error as a part thereof, the
   supreme court may, for good cause shown and in furtherance of
   justice, grant the motion, and permit the petition in error to be
   amended.

2. NEW TRIAL — *Instructions — Errors Waived.*  Where the motion for
   a new trial states only that "the verdict is not sustained by sufficient
   evidence, and that it was procured by the fraud of the prevailing
   party," the errors in the instructions, if any, must be considered as
   having been waived, as the attention of the trial court was not called
   to any such errors, in the motion for a new trial.

*Error from Leavenworth District Court.*

THE opinion states the material facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*L. B. & S. E. Wheat,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Joseph Whitaker appealed from the award
of commissioners condemning a right-of-way for the Leavenworth, Northern & Southern Railway Company through certain
lots owned by him in an addition to the city of Leavenworth.
Trial had at the December term of the court for 1887.  Judgment was rendered for Whitaker for $1,812.37.  The railway
company excepted, and brings the case here.  Whitaker has
filed two motions — one to strike from the files the case-made,
and the other to dismiss this proceeding.  The petition in
error, with a small part of the transcript, was filed in this
court on February 23, 1888.  The case-made was not settled
and signed until July 16, 1888.  It was filed in this court on
July 20, 1888.  At that time the railway company filed its

motion for leave to attach the case-made to the petition in error.

We think the motions of Whitaker must be overruled, as the motion to amend the petition in error was filed before the expiration of the year in which the company had the right to commence its proceeding to review the judgment of the trial court. (Civil Code, §§ 139, 556.)

For good cause shown and in furtherance of justice, this court has the power to allow a petition in error to be amended. The motion to amend, by attaching the case-made to the petition in error, will therefore be sustained.

Upon the record as amended and completed, we cannot decide whether there were "any errors of law occurring on the trial," because of the omission in the motion for a new trial. The motion stated that the verdict was not sustained by sufficient evidence, and that it was procured by the fraud of the prevailing party. This and nothing more. No complaint was made of "any error of law occurring at the trial;" all such errors not referred to in the motion must be considered as having been waived. (*Nesbit v. Hines,* 17 Kas. 316; *City of Atchison v. Byrnes,* 22 id. 65; *Clark v. Imbrie,* 25 id. 424.)

The principal errors complained of by the railway company concern the instructions that were given to the jury. If these instructions were erroneous, they were "errors of law occurring at the trial," and the attention of the trial court should have been called to them in the motion for the new trial. This was not done. Hence, no complaint can now be made of the instructions in this court.

In the judgment which was rendered it was provided that the railway company should pay the damages assessed, of $1,812.37, within thirty days after the rendition of the judgment, in order to entitle it to the continuous use of its right-of-way through the lots owned by Whitaker. We do not think that this order was within the issues in the case, or proper under the circumstances. On an appeal in condemnation proceedings, the inquiry is limited to the land taken for

railway purposes, the value thereof, and the damages sustained by the property-owner by reason of the appropriation of the right-of-way. In this case there was no petition or pleading filed to broaden or widen the ordinary proceeding in an appeal. Whitaker was not attempting in this proceeding to eject the railway company, nor was his appeal taken for any such purpose. If the railway company finds the award of the jury so large as to render it expedient to go around the lots instead of through them, it can decline to pay, and leave the land-owner undisturbed in his possession. (*Blackshire v. A. T. & S. F. Rld. Co.*, 13 Kas. 514.) If a railway company fails to deposit the amount of damages awarded by the commissioners with the treasurer of the county, and upon appeal refuses to give the bond prescribed by the statute, the company has no lawful right to use or occupy land or lots attempted to be appropriated for its right-of-way. Full compensation must be first made in money, or secured as provided by the statute, before any right-of-way can be used or occupied by a railway company. (*Railroad Co. v. Callender*, 13 Kas. 496.)

If a railway company takes possession of land for its right-of-way, and refuses to comply with the provisions of the constitution and the statute, the latter decision shows the remedy of the property-owner.

While the order as to the payment of the amount of damages was in our opinion not within the issues of the appeal, it was harmless. It did not prevent the examination of the case in this court, or otherwise harm the railway company. It has spent its force, if it had any, and is now of no effect.

The judgment therefore upon the record as presented must be affirmed.

All the Justices concurring.