D. E. CRAWFORD *et al.* v. THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COMPANY.

PETITION IN ERROR—*Amendment Not Permissible—Order Not Reviewable.* A judgment was rendered in the district court, and afterward a motion for a new trial was made and overruled. Within a year thereafter, the case was brought to the supreme court, but the petition in error did not assign the overruling of the motion for a new trial as a ground of reversal. More than four years after the order overruling the motion for a new trial had been made, an application was made to amend the petition in error by assigning the making of this order as an additional ground of error. *Held,* Under ¿556 of the civil code, that the amendment was not permissible, and that the order was not reviewable.

*Error from Linn District Court.*

THE case is sufficiently stated in the opinion.

*Blue & Rich,* for plaintiffs in error.

*Wallace Pratt,* and *Chas. W. Blair,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by plaintiffs in error to recover damages for certain horses and colts alleged to have been killed through the negligence of the railroad company. After they had offered their testimony, a demurrer to the same was interposed by the railroad company, on the ground that the evidence offered did not prove a cause of action in their favor and against the company. The court sustained the demurrer and rendered judgment for the company. After the rendition of the judgment, a motion for a new trial was made and overruled, and the plaintiffs then instituted this proceeding to secure a reversal, alleging three grounds of error: First, the exclusion of evidence; second, the sustaining of the demurrer to plaintiffs' evidence; and, third, the giving of judgment for defendants instead of plaintiffs; but the overruling of the motion for a new trial was not assigned for error.

At the submission of the case in this court, an application was made to amend the petition in error by adding a new assignment of error upon the action of the court in overruling the motion for a new trial. The amendment was permitted to be filed, subject to such objections as defendant in error might make, the court reserving its decision on the effect of the amendment until the final disposition of the case.

It is contended that the testimony offered on the trial tended to sustain the cause of action alleged by plaintiffs, and that the court erred in sustaining the demurrer and taking the case from the jury. This ruling, like all others occurring on the trial, is not available on error, unless a motion for a new trial be made and filed within the time prescribed by law. (*Gruble v. Ryus*, 23 Kas. 195; *Norris v. Evans*, 39 id. 668.) Nor can any of the points or questions involved, and which were subject to review upon the motion for a new trial, be considered in this court, unless the overruling of that motion is assigned for error. (*Carson v. Funk*, 27 Kas. 524; *Clark v. Schnur*, 40 id. 72; *Landauer v. Hoagland*, 41 id. 520; *City of McPherson v. Manning*, 43 id. 129.) We are therefore precluded from reviewing any of the rulings complained of, unless the petition in error may be and is treated as amended in accordance with the application made by plaintiffs.

The defendant objects to the amendment and the consideration of the order overruling the motion for a new trial, for the reason that more than one year has elapsed since the order was made. Section 556 of the civil code provides that "No proceeding for reversing, vacating, or modifying judgments or final orders shall be commenced, unless within one year after the rendition of the judgment or making of the final order complained of," except in cases where the person entitled to such proceeding be under disability.

The judgment in the case was rendered in November, 1886, and the petition in error was filed in this court on August 27, 1887. The motion for a new trial was made and overruled after the rendition of the judgment and on November 16, 1886, while the application to amend the petition in error and

assign the overruling of the motion for a new trial as error was not made until January 6, 1891, more than four years after the ruling complained of was made.

We think the application to amend was made too late. Such applications are usually allowed as a matter of course, if made within a year after the final order or judgment complained of is given. Even after that time, if the amendment requested related to matters of form only, or the new error assigned was involved in the final judgment or order of which complaint was made, the amendment would ordinarily be permitted upon such terms and conditions as the court might deem just. But where the new assignment of error is not involved in the assignment already made, but states a new and distinct cause of complaint, the amendment cannot be made after the lapse of the period of limitation. It has been held, in cases where the order overruling the motion for a new trial followed the rendition of the judgment, and the petition in error was not filed in the supreme court until more than a year after the rendition of the judgment, but within less than one year after the motion for the new trial was heard and overruled, that the court could not review the judgment or other ruling of the court, except the order overruling the motion for a new trial and such other orders or rulings as are necessarily involved in the ruling upon the motion for the new trial. (*Osborne v. Young*, 28 Kas. 709; *Dyal v. City of Topeka*, 35 id. 62; *Bates v. Lyman*, 35 id. 634.) The order complained of was not involved in the judgment, nor included in any of the original assignments of error, but was a distinct and independent ground of complaint, and therefore it is barred by the limitation and not reviewable at this time. See, also, *Blackwood v. Shaffer*, 44 Kas. 273; same case, 24 Pac. Rep. 423; 13 Am. & Eng. Encyc. of Law, 746.

Nothing further remains for our consideration, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.