W. H. COGSHALL *et al.* V. S. W. SPURRY.

1. PETITION IN ERROR — *Amendment, When.* A petition in error in the supreme court may be amended more than one year after the ruling of the district court complained of has taken place, if the amendment is only to make good a defective, informal or incomplete allegation of error already contained in the petition in error; but when the proposed amendment sets forth an absolutely new and distinct allegation of error or cause for reversal, it cannot be made after that time.

2. TRIAL — *Errors, When Considered.* Errors occurring during the trial cannot be considered by the supreme court unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party, and acted upon by the trial court, and its ruling excepted to, and afterward assigned for error in the supreme court.

*Error from Crawford District Court.*

THE case is stated in the opinion.

*W. R. Cowley,* for plaintiffs in error.

*John T. Voss,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The assignments of error in this case are as follows:

"1. The said court erred in the instructions given to the jury on the trial of the said action.

"2. The court erred in admitting evidence in the trial of said action.

"3. The verdict was contrary to the evidence.

"4. The said judgment was given for the said S. W. Spurry when it ought to have been given for these plaintiffs."

It will be seen that nothing is said in the assignments of error with regard to a motion for a new trial. There was a motion for a new trial, however, made and filed in the court below on April 7, 1888, and overruled on April 20, 1888. The grounds for the motion are as follows:

"1. The verdict is contrary to and against the evidence.

"2. The verdict is contrary to and against the law.

"3. Error upon the part of the court in the admission of testimony, to which the plaintiff excepted at the time."

Nothing is said in this motion with respect to the instructions of the court to the jury. Instructions, however, were given; and while we have 17 pages of them in the record, yet the record does not show that it contains all. On the same day on which the motion for the new trial was overruled, judgment was rendered in favor of the defendant, S. W. Spurry, and against the plaintiffs, W. H. Cogshall and George W. Pye, partners as W. H. Cogshall & Co., for costs of suit; and on April 16, 1889, the plaintiffs, as plaintiffs in error, brought the case to this court for review.

On October 8, 1891, the plaintiffs in error asked leave of this court to amend their petition in error so as to make it allege for error the overruling of their motion for a new trial, but the court overruled the motion, and then the case was submitted to the court for final decision upon its merits upon the petition in error as it was and the record and the briefs of counsel. The motion of the plaintiffs in error for leave to amend their petition in error was overruled upon the ground that it was made too late. Under the statutes of this state, (Civil Code, § 556,) no proceeding in error can be commenced in the supreme court unless it is commenced within one year after the rendition of the judgment or the making of the order complained of, except where the plaintiff in error is an infant, or of unsound mind, or imprisoned. The motion to amend in the present case was not made until more than three years had elapsed after the ruling of the court below complained of had occurred. Of course a petition in error may be amended more than one year after the ruling complained of has taken place, if the amendment is only to make good a defective, informal or incomplete allegation of error already contained in the petition in error; but when the proposed amendment sets forth an absolutely new and distinct assignment of error or cause for reversal, it cannot be made after that time. Such has been the uniform ruling of this court, and such ruling has been once

at least embodied in a written opinion and reported. (*Crawford v. K. C. Ft. S. & G. Rld. Co.*, 45 Kas. 474, 476.)

The defendant in error objects to the consideration of this case for various reasons, among which are the following: The record does not show that it contains all the instructions of the court below to the jury; the motion for a new trial does not present any question with regard to the instructions, and the petition in error does not assign for error the overruling of the motion for a new trial. We think the contention of the defendant in error must be sustained, especially upon the last ground. (*Struthers v. Fuller*, 45 Kas. 735; *Duigenan v. Claus*, 46 id. 275, 276; same case, 26 Pac. Rep. 699, 700, and cases there cited.) It will be observed that the only errors assigned are such as occurred during the trial, and in the case last cited it was decided as follows:

"Errors occurring during the trial cannot be considered by the supreme court unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party, and acted upon by the trial court, and its rulings excepted to, and afterwards assigned for error in the supreme court." (Syllabus.)

See, also, the case of *Dryden v. C. K. & N. Rly. Co.*, just decided.

No available error having been assigned by the plaintiffs in error, the judgment of the court below will be affirmed.

All the Justices concurring.