JOHN LONG *et al.* v. J. L. FROMAN *et al.*

1. JUSTICE OF THE PEACE — *Bill of Exceptions — Settling.*  A justice of the peace may allow and sign a bill of exceptions for one party without notice to the other, although such a practice is not recommended.  A bill of exceptions which shows that it has been allowed, signed and filed by the justice of the peace is sufficient to show that it was properly filed in the office of the justice allowing the same.

2. APPEAL — *Practice — No Error.*  Where a petition in error is filed in the district court, with a copy of the original bill of exceptions attached thereto, it is not error for the court to permit the plaintiff in error, within one year after the rendition of the judgment or order sought to be reversed, to detach such original bill and substitute a certified transcript of the record.

3. ATTACHMENT — *Setting Aside — Order, not Disturbed.*  Where the district court reverses an order of a justice of the peace, wherein the justice refused to set aside an attachment, and the evidence is preserved in the record, and it appears that the evidence fully sustains the district court, this court will not disturb the order of the latter in setting aside such attachment.

*Error from Wyandotte District Court.*

ACTION by *Long* and another against *Froman* and another, on an account for goods sold and delivered. From an order discharging an attachment entered therein, plaintiffs bring error.

*McGrew & Watson,* for plaintiffs in error:

1. We call attention to the fact that this case originated in justice court, and that the pretended bill of exceptions, which it is- claimed was there signed, allowed, and filed, was made and so signed, allowed and filed without submitting the same to opposing counsel for suggestion of amendments, without permitting them to see it, or advising them that such proceeding was contemplated or being taken, and that, too, where no emergency existed, when there was no necessity requiring hasty action of that character, and when the office of counsel for these plaintiffs in error was within a stone's throw of said justice court, and they might easily have been notified. While we do not urge that this court would be warranted in reversing this case on that point alone, yet the rules in reference to the appearance of parties at the signing of cases-made as laid down in the two cases, *Weeks v. Medler,* 18 Kas. 425; *M. K. & T. Rly. Co. v. Roach,* 18 id. 592, might well be applied to appearances at the signing of bills of exceptions in cases like this. At all events, the signing of a bill of exceptions, under circumstances such as this was, will lead the reviewing court to carefully scrutinize it.

2. We contend that no proper proceedings in error from the justice to the district court were commenced in the time and in the manner required by law. The statute, it is true, prescribes only the time within which bills of exception may be made, signed, and sealed, and is silent as to the time within which proceedings in error thereon must be commenced in the district court. Justice Code, § 112. Yet the reason for properly perfecting such proceeding in error within 10 days, the same as in cases of appeal, would suggest itself as controlling,

so that there would be an end to litigation in justice court and the rights of the parties finally determined at some definite time. A petition in error was by them filed in the district court within 10 days from the trial day in justice court, but the same was based upon and accompanied with the original pretended bill of exceptions which should have been filed in justice court, and the certificate thereto of said justice nowhere within itself stated that the bill of exceptions contained all of the evidence or any of the evidence upon which the action of said justice court in sustaining the attachment was based; the only recitation as to all the evidence being in the body of said bill of exceptions. Accompanying said bill of exceptions and the petition in error, and attached to the latter as "Exhibit B," was a certified transcript of the justice docket, wherein was shown the witnesses heard orally on the motion to discharge the attachment; and immediately after naming them, it was recited: "After hearing the above testimony, I now overrule the above motion, to which ruling the defendants excepted," showing upon what evidence the court acted, and being conclusive that the bill of exceptions is untrue. A motion leveled at the foregoing irregularities, and to dismiss said proceeding in error, was filed by Long Bros., but the same was overruled and excepted to, and over our objection the court permitted the original bill of exceptions to be withdrawn and a transcript to be attached to the petition in error. Then, and not until then, was the proceeding in error to the district court properly commenced, (*Jackson v. Stone*, 17 Kas. 605,) and we think it was too late. The court below ought to have sustained the motion to dismiss, and erred in not so doing, especially as the record at that time showed upon its face that the bill was not a true one.

The averment of all evidence will be disregarded where an omission is apparent, or where it is shown that the bill of exceptions does not contain all the evidence. *Collins v. Collins*, 100 Ind. 266; *Fellenzer v. Van Valzah*, 95 id. 128; *Cosgrove v. Cosby*, 86 id. 511.

Was the bill of exceptions a true, legal and sufficient one,

and did it contain all the evidence or the evidence at all upon which the justice court acted in the matter of the motion to discharge the attachment? At common law, it was necessary to incorporate all the evidence within the bill of exceptions. *Doe v. Makepeace,* 8 Blackf. 575; *Goodwin v. Crane,* 41 Ind. 335.

The bill is itself a part of the record. It must speak for itself. It must be, its own evidence of all that it contains. *A. &. N. Rld. Co. v. Wagner,* 19 Kas. 335; *Sexton v. Willard,* 27 Wis. 465, 468.

Was any question properly submitted to the district court which was within its province to decide? No question of fact can be reviewed on a bill of exceptions. *Lansing v. Wiswall,* 5 Denio (N. Y.), 213; *Emerson v. Young,* 18 Vt. 603; *Kettell v. Foote,* 3 Allen (Mass.), 212; *Fletcher v. Clarke,* 29 Me. 485; *Norwich & C. R. Co v. Kay,* 22 Conn. 603. And especially is such the case where there is any evidence tending to sustain the judgment. *Fellenzer v. Van Valzah,* 95 Ind. 128; *Cooper v. Machine Co.,* 37 Kas. 231; *Railway Co. v. Foster,* 30 id. 329.

Where, upon the motion to discharge an attachment, affidavits are read and oral evidence is submitted, tending to prove all the facts necessary to sustain the attachment, and thereupon the court refuses to grant such motion, a reviewing court will not disturb such ruling. *Urquhart v. Smith,* 5 Kas. 447. Where there is oral evidence upon a motion to discharge an attachment, an appellate court cannot review a decision upon the credibility of witnesses, or the weight which ought to have been given to their statements. *Doggett v. Bell,* 30 Kas. 300.

*True & Foster,* and *Littick & Littick,* for defendants in error:

Is there a proper bill of exceptions in the record? If the filing, which was on the original, was not placed on the copy, it was a clerical mistake of the justice, and is immaterial error, which should be disregarded. *Edmondson v. Beals,* 27 Kas. 656; *Williams v. Henry,* 17 id. 20.

Errors, to be reviewable in the supreme court, must have been brought to the attention of the court below. *Palmetto Town Co. v. Rucker*, McCahon, 145; *Wilson v. Fuller*, 9 id. 177; *Seip v. Tilghman*, 23 id. 204; *Furrow v. Chapin*, 13 id. 107; *St. L. L. & D. Rld. Co. v. Wilder*, 17 id. 239; *Nicklisson v. Holman*, 17 id. 22; *Moore v. Wade*, 8 id. 380; *Gray v. Ulrich*, 8 id. 112; *Sleeper v. Bullen*, 6 id. 300; *White v. Bird*, 45 id 759; *Water Co. v. Hill*, 46 id. 145.

Counsel for plaintiffs in error say that they had no notice of the allowance of the bill of exceptions. None is required by law. *Bailey v. Dodge*, 28 Kas. 50.

Did the district court err in permitting the petition in error to be amended, by detaching the original bill of exceptions and attaching a transcript with a certified copy of the bill? or did it err in overruling the justice? "The filing of amendatory and supplemental pleadings rests largely within the discretion of the trial court." *Rogers v. Hodgson*, 46 Kas. 276. "If the lower court did err in permitting the amendment of the petition, unless such error was so gross as to be a clear abuse of discretion, his ruling will not be reversed." See, also, *L. & C. V. A.-L. Rld. Co. v. Small*, 46 Kas. 300.

For a case on all fours with this, wherein a like amendment was made, see *L. N. & S. Rly. Co. v. Whitaker*, 42 Kas. 634. The district judge did not err in overruling the justice.

Opinion by GREEN, C.: The plaintiffs in error sued the defendants in error in justice's court in Wyandotte county for the sum of $183, upon an account for groceries sold and delivered to them. At the time the suit was brought attachment proceedings were also instituted, upon the ground that the defendants were about to remove and dispose of their property, with the intent to hinder and delay their creditors, and levied upon a general stock of groceries.

Upon the day set for the trial of the case before the justice, the parties appeared, and a motion was made to discharge the attachment. This motion was heard by the justice, upon affidavits and oral evidence offered by the respective parties.

After hearing the evidence, the court overruled the motion to discharge the attachment, and gave judgment in favor of the plaintiffs for the amount claimed. The trial occurred on the 12th day of November, 1888. Three days thereafter the defendants in error had a bill of exceptions allowed, signed, and filed, and made a part of the record of the justice of the peace.

On the 17th day of November, 1888, the defendants instituted proceedings in error in the district court to reverse the ruling of the justice in refusing to discharge the attachment, and filed with their petition in error the original bill of exceptions, containing certain affidavits and oral evidence given upon the motion to discharge the attachment. A motion was afterward filed by Long Bros. asking that the proceedings in error be dismissed, upon the ground that no transcript or true bill of exceptions had been filed with the petition in error. Leave was obtained by Froman & Webb to withdraw the bill of exceptions and substitute a certified transcript, which was done, the successor of the justice of the peace certifying to the same. The motion to dismiss the proceedings in error was then overruled by the district court.

The petition in error was heard in the district court as upon motion, and was sustained, and an order entered discharging the attachment in justice's court, to which the plaintiffs in error excepted, and now ask that the order of the district court discharging the attachment be reversed.

It is urged: 1. That no true bill of exceptions was attached to the petition in error.

2. That no proper proceedings in error from the justice of the peace to the district court were commenced in time and in the manner required by law; and that the district court erred in permitting the plaintiffs in error in that court to amend their petition in error by detaching the original bill of exceptions and attaching a transcript with a certified copy of the original bill of exceptions.

3. That the district court erred in reversing the order of

the justice of the peace in the attachment proceedings, because some of the evidence was oral.

These assignments of error we will consider in their order.

Our attention is first called to the fact that the bill of exceptions was allowed, signed and filed without submitting the same to opposing counsel for suggestion and amendment; and that it did not show by any indorsement thereon that it was ever filed anywhere.

It has long since been held that a bill of exceptions may be allowed and signed for one party in the absence of the other, and without notice to the other party, though such power should be exercised with great care and prudence. (*McClure v. M. R. F. S. & G. Rld. Co.*, 9 Kas. 373.)

A reference to the record discloses the fact that the justice made the following entry upon signing the bill of exceptions:

"On this 15th day of November, 1888, the defendants presented their bill of exceptions in this case, which was by me allowed, filed, and made a part of the record."

This we think is sufficient to show that the bill of exceptions was properly filed in the office of the justice of the peace, and fully answers the first objection.

It is next urged that no proper proceedings in error were instituted within the time required by the statute, and that the district court should have sustained the motion to dismiss the case, and that the amendment permitting the plaintiffs in error in the district court to detach the original bill of exceptions from the petition in error and attach a transcript from the justice's court, with a certified copy of the original bill of exceptions, to the petition in error, should not have been allowed.

The petition in error was filed in time, and we think the district court had the power to grant the amendment; and we cannot, as a reviewing court, say that it abused its discretion. This court allowed a similar amendment in the case of *L. N. & S. Rly. Co. v. Whitaker*, 42 Kas. 634.

The last objection we shall consider is that, the district court erred in reversing the order of the justice of the peace

sustaining the attachment.   It is claimed, that because there was oral evidence, the district court could not review the decision of the justice of the peace.   In this case the evidence was in the shape of affidavits and some oral testimony, and we think we can safely assume that all of the evidence was embodied in the certified copy of the record and the bill of exceptions.   It is stated that all of the evidence is set out in the record.

We have carefully read the evidence as embodied in the record, and we cannot say that the district court erred in reversing the judgment of the justice of the peace.   Reviewing courts will not ordinarily weigh conflicting oral evidence ; but where the evidence is such as to satisfy a reviewing court that the attachment ought not to be sustained, and it so decides, we do not feel justified in reversing such judgment when in our judgment it is sustained by the evidence.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.