OTHO NOWLAND v. THE CITY OF HORACE.

No. 261.

PRACTICE, COURTS OF APPEALS—*Defective Petition in Error—Amendment.* A petition in error which is fatally defective by reason of an entire failure to state any cause for reversal of the judgment complained of cannot be amended more than one year after the rendition of such judgment, but must be dismissed.

Error from Greeley district court; J. E. ANDREWS, judge. Opinion filed October 20, 1898. Dismissed.

*W. M. Glenn*, for plaintiff in error.

*V. H. Grinstead*, and *George L. Reid*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : The petition in error in this case was filed on March 15, 1897. The first paragraph reads :

" That in the trial of this action in the district court the court erred in rendering judgment in favor of the defendant upon the second count of the petition of the plaintiff, and in not rendering judgment in favor of the plaintiff upon said second count."

Other paragraphs allege various errors respecting the second count of the plaintiff's petition for his second cause of action. The prayer of the petition is as follows :

" Plaintiff therefore asks that said judgment of the district court upon said second count in plaintiff's petition may be reversed, and said cause remanded to the district court of Greeley county for a new trial of said second count in plaintiff's petition."

From the purported case-made, which is attached to the petition in error, but not referred to therein, it appears that on July 2, 1895, an action was begun in

Nowland v. Horace.

the district court of Greeley county by Otho Nowland against the city of Horace.   The petition set forth two causes of action on warrants of the defendant city — the first on a warrant in the sum of $125 and interest, and the second on a warrant of $50 and interest.   The judgment of the court was in favor of the plaintiff on the second cause of action, and in favor of the defendant for costs on the first cause of action. The defendant in error has moved to dismiss the proceedings in error, and the plaintiff in error has asked leave to amend the petition in error by substituting the word "first" for the word "second" wherever the latter occurs therein.   In his brief the plaintiff in error has made two specifications of error, both of which relate to the action of the court in respect to the "first count" of the petition filed in the trial court.

It is claimed by the defendant in error that the petition in error is fatally defective because it fails to refer to or identify the judgment of which a review is sought.   While the petition in error is very informal and incomplete in this regard, we think it can be ascertained from the prayer thereof that complaint is made of a certain judgment rendered by the district court of Greeley county.   It is also claimed that the failure to identify the case-made by some reference thereto in the petition in error rendered the latter invalid.   This must be regarded as an amendable defect.

The petition in error complains of the action of the court in rendering judgment for the defendant on the "second count" of the petition and in overruling the motion of plaintiff for a new trial on his second cause of action, while the case-made shows a judgment in plaintiff's favor on the second cause of action, and that the motion for a new trial referred only to the

first cause of action.   Counsel for the defendant in error deny the jurisdiction of this court to permit the amendment of the petition in error as requested, for the reason that more than one year has elapsed since the petition in error was filed and that the proposed amendment is equivalent to the filing of a new and distinct assignment of error.   In support of their position, counsel cite the cases of *Cogshall v. Spurry*, 47 Kan. 448, 28 Pac. 154, and *Crawford v. K. C. Ft. S. & G. Rld. Co.*, 45 Kan. 474, 25 Pac. 865.   In the latter case an application was made to amend the petition in error by assigning the overruling of the motion for a new trial as an additional ground of error.   In denying leave to amend, the supreme court said :

"We think the application to amend was made too late.   Such applications are usually allowed as a matter of course, if made within a year after the final order or judgment complained of is given.   Even after that time, if the amendment requested related to matters of form only, or the new error assigned was involved in the final judgment or order of which complaint was made, the amendment would ordinarily be permitted upon such terms and conditions as the court might deem just.   But where the new assignment of error is not involved in the assignment already made, but states a new and distinct cause of complaint, the amendment cannot be made after the lapse of the period of limitation."

In the present case the complaint made relates to the judgment of the court on the second cause of action set forth in plaintiff's petition.   The proposed amendment relates to the judgment on the first cause in said petition.   It must therefore be held that the new assignment of error which would be created by the amendment is not involved in the assignment already made, but states a new and distinct cause of complaint. Under the doctrine of the foregoing case the amend-

ment cannot be allowed.   As it stands, the petition in error is fatally defective.

As the brief of the plaintiff in error relates to matters not set forth in the petition in error, it fails to present any matter for our consideration.   The proceedings in error will therefore be dismissed.