EMMA F. KENNARD v. MILDRED MAY ALEXANDER.

No. 14,236.    (84 Pac. 377.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Filing of Transcript or Case-made.*
In proceedings in error in this court the provisions of section 546 of the code of civil procedure (Gen. Stat. 1901, § 5031), reenacted in chapter 320 of the Laws of 1905, are jurisdictional and mandatory, and no degree of diligence will excuse the plaintiff in error from filing a transcript or a case-made with his petition in error.

Error from Haskell district court; WILLIAM EASTON HUTCHISON, judge.    Opinion filed February 10, 1906. Dismissed.

*Milton Brown,* for plaintiff in error.

*G. L. Miller,* and *Frank Doster,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.:   The final judgment which it is here sought to have reviewed, according to the petition in error in this case, was rendered in the district court of Haskell county on the 13th day of October, 1903. On the 12th day of October, 1904, the last day upon which the same could have been filed within the limitation fixed by section 556 of the code of civil procedure (Gen. Stat. 1901, § 5042), the plaintiff in error filed her petition in error in this court.   She did not attach thereto or file therewith any transcript or case-made whatever setting forth or purporting to set forth any of the findings of the court below, but instead thereof filed an affidavit attempting to excuse the failure to file such transcript or case-made.   Such affidavit, however, fails to show any diligence whatever for the acknowledged failure to comply with the statute.   Section 546 of the code of civil procedure, then and now in force, having been reenacted in chapter 320 of the Laws of 1905, provides:

"The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified or the original case-made as hereinafter provided, or a copy thereof."    (Gen. Stat. 1901, § 5031; Laws 1905, ch. 320, § 1.)

We think this requirement of the statute is jurisdictional and mandatory, and that no degree of diligence will excuse the plaintiff in error from filing a transcript or case-made with the petition in error.   A full year's time is given for that purpose, and ordinarily a transcript could be obtained or a case-made prepared within a few days.

Where a transcript is in fact filed with the petition in error, and there is a mistake or material omission therein, it is within the jurisdiction of this court to allow an amendment within the year at least (*L. N. & S. Rly. Co. v. Whitaker*, 42 Kan. 634, 22 Pac. 733);

but we cannot disregard an entire failure to comply with the express requirements of the statute.

The motion of the plaintiff in error, filed April 27, 1905, to enlarge the record is denied, and the motion of the defendant in error to dismiss the case is allowed.

All the Justices concurring.