**PABST BREWING CO. v. JOHNSTON,
Sheriff, et al.**

No. 7607—Opinion Filed May 29, 1917.

(166 Pac. 123.)

(Syllabus by the Court.)

**1. Appeal and Error—Petition—Amendment.**

Within the time allowed for bringing proceedings in error in this court, amendments to a petition in error are generally allowed as of course.

(a) After the expiration of such time, matters of form, as a rule, may be corrected, but no additional allegations of error can be made.

**2. Injunction—Right to Injunction—Discretion of Court—Evidence.**

The granting or refusing of a temporary injunction is a matter largely within the sound discretion of the trial court. Evidence examined, and held that the trial court did not abuse its discretion in refusing to grant the writ in this case.

Error from District Court, Kay County; William M. Bowles, Judge.

. Action by the Pabst Brewing Company against Hugh Johnston, as Sheriff of Kay County, and another. There was judgment for defendants, and plaintiff brings error. Affirmed.

James Q. Louthan, for plaintiff in error.

F. C. Duvall, Co. Atty., for defendants in error.

RAINEY, J. The Pabst Brewing Company, plaintiff in error, commenced this action by filing in the district court of Kay county, Okla., a petition for injunction against the defendants in error, Hugh Johnston and Felix C. Duvall, sheriff and county attorney, respectively, of Kay county, Okla. The plaintiff alleged, in substance, that it was engaged in the• manufacture and sale of a liquid product labeled by it as "Pablo," and that the same was a harmless, nonintoxicating liquid used by many as a summer drink, and that the said preparation was not a malt, spirituous, or vinous liquor, and did not contain as much as one-half of 1 per cent. of alcohol; that the defendants Hugh Johnston and Felix C. Duvall were sheriff and county attorney, respectively, of Kay county, Okla.; that the plaintiff had sold and delivered various quantities of the said Pablo to citizens and dealers in Kay county, Okla., and that the said sheriff and county attorney had seized and destroyed great quantities of said product, and had threatened and declared that they would continue to do so as long as the said product was brought into and sold in Kay county. The company further averred that, unless the defendants were enjoined and restrained, they would continue to confiscate and destroy the plaintiff's product, and would prevent the sale thereof, to the irreparable loss and damage of the plaintiff, and that it had no adequate remedy at law. A perpetual injunction was asked. Subsequent to the filing of the petition the attorney for the brewing company gave notice that application would be made on July 15, 1915, to the honorable William M. Bowles, judge of the district court of Kay county, Okla., for a temporary injunction, and that the hearing would be upon affidavit and oral testimony, and filed a new petition in the same cause, alleging, in substance, all that was alleged in its first petition. At the hearing the plaintiff offered Hugh Johnston and Felix C. Duval, the defendants, as its witnesses, and also offered the affidavit of one A. C. Lyon, a chemist of Kansas City, Mo., as to the chemical analysis of the beverage known as "Pablo." The defendants did not offer any evidence. The district court refused the temporary injunction, and the Pabst Brewing Company brings the case here.

The petition in error was filed in this court on August 2, 1915, and on May 13, 1916, the plaintiff in error filed its motion for permission to amend the petition in error by incorporating therein new allegations of error, as follows:

"The said court erred in holding and deciding that the plaintiff in error is not entitled to the relief sought by its petition."

"The said court erred in holding and deciding that the evidence for and on behalf of the plaintiff in error was insufficient to entitle the plaintiff in error to a temporary injunction."

We will first dispose of this motion. Under the law as it existed at the time the motion was filed (chapter 18, p. 35, Session Laws 1910-11), the plaintiff in error had six months' time within which to file petition in error in this court. Amendments to petitions in error are generally allowed as of course within the time for bringing the proceedings in error to the Supreme Court. Railway Co. v. Whitaker, 42 Kan. 634, 22 Pac. 733; Crawford v. Railway Co., 45 Kan. 474, 25 Pac. 865. No additional allegations of error can be made after the expiration of such time, although matters of form may be corrected. Haynes et al. v. Smith et al., 29 Okla. 703, 119 Pac. 246; Crawford v. Railway Co., supra; Cogshall v. Spurry, 47 Kan. 448, 28 Pac. 154. The motion having been filed after the expiration of the time within which to file the petition in error, we are without authority to permit the amendment. The motion is therefore denied.

The petition in error contains only one assignment of error, which is:

"The said court erred in making an order denying the plaintiff in error's application for a temporary injunction."

Assuming, without deciding, that under this assignment of error we may review the action of the trial court in refusing to grant the temporary injunction, we have reviewed the entire record and have carefully considered the evidence. It seems to be the contention of the plaintiff in error that the sheriff and the county attorney of Kay county were not acting within the scope of their authority as officers in seizing under warrant duly issued the beverage labeled "Pablo" as a substitute for beer or other intoxicating liquor. It does not claim that they were acting maliciously, but says that their acts were in excess of their authority, and as a result thereof the plaintiff had suffered a deterioration and a practical destruction of its business in said Kay county. In support of this contention plaintiff in error argues that an officer, not a judge of a court, is liable for every act in excess of his jurisdiction, but counsel overlooks the fact that plaintiff in error's evidence in this case fails to establish that the officers were acting in excess of their authority. Hugh Johnston, sheriff of Kay county, testified in substance that under warrants duly issued he had seized small amounts of a liquid labeled "Pablo"; that the articles seized by him had different kinds of brands on the bottles; that he had seized one barrel the contents of which had been labeled "less than one-half of 1 per cent."; that he had seized some labeled "less than two per cent."; and some labeled with a stamp or lead pencil with a figure above and to one side of the two, purporting to be "one-half." When asked if he expected to seize any more of the liquid he answered:

"I am just speaking of what I have done. I expect to enforce the laws of this state in this county."

He further stated that he had never taken any of the product except on order of court. Felix O. Duval testified that upon his application the court had granted an order directed to the sheriff in about five instances. In answer to the inquiry if he had not made a statement to that, as long as the Pabst Brewing Company shipped "Pablo" into Kay county, he would seize it, he stated that he had made such a statement, but qualified it by adding "as long as it was an imitation or substitute for beer." The affidavit of A. O. Lyon was to the effect that a certain liquid manufactured by the Pabst Brewing Company, and labeled "Pablo," had been examined by him on different occasions, and that he had made an analysis showing that it contained less than one-half of 1 per cent. of alcohol, and that said beverage was not intoxicating. It was not clear, and in fact there is nothing in the record to show, that the sheriff and county attorney were acting with the intent to injure the plaintiff's business. It seems that the county attorney, believing in good faith that the beverage seized labeled "Pablo" was an imitation or substitute for beer, had caused the warrants to be issued, and that the sheriff was serving the process as the law made it his duty so to do. There was a failure of evidence in this case in several important particulars. While the affidavit of the chemist discloses that the beverage examined by him labeled "Pablo" was not intoxicating and contained less than one-half of 1 per cent. of alcohol, still there is not any evidence in the record tending to prove that the plaintiff company either manufactured or sold any of the particular liquid which was seized by the sheriff under the warrants. The chemist did not test any of the beverage seized. Neither is there any evidence in the record tending to prove that the plaintiff company had sold any of its said beverage in Kay county, or that its business had been damaged in any way. From the testimony of the sheriff it might more reasonably be inferred that certain parties from whom the liquid was seized were selling under the name of "Pablo" a different beverage than that manufactured by the Pabst Brewing Company. It could only be a short time at most from the time the temporary injunction was denied until a hearing could be had upon the application for a permanent injunction. The granting or refusing of a temporary injunction is a matter largely within the sound discretion of the trial court.

We do not think that the trial court abused its discretion in this case, and the judgment is therefore affirmed.

All the Justices concur.