C. W. NOYES *et al.* v. KATE TOOTLE *et al.*

(Filed Aug. 25, 1899.)

1. CASE-MADE — *Time of Making—Extension.* An extension of time to make and serve a case-made was given by the district judge who tried the case, to the plaintiffs in error, from December 15, 1897, for the period of 40 days, which expired on the 24th day of January, 1898. So far as appears from the record, the next order of the judge extending the time to make and serve a case-made was not made until the 18th day of February, 1898, 24 days after the time for making and serving a case-made had expired. An application is now made by the plaintiffs in error to show that an order of the court granting such extension was actually made on or about the 20th day of January, 1898, for the further period of 30 days, but this order, now missing from the record, is so by reason of the fact that the same was lost after having been made; and that they shall now be permitted to show by affidavits that the continuity of extensions was not broken, and the jurisdiction of the trial court or judge to grant the order of extension of February 18th had not been lost, and that the case-made was properly filed, and here for examination upon the merits. *Held,* that there is no power here to amend the record and case-made, as it has been signed and settled by the judge of the district court.

Noyes *et al.* v. Tootle *et al.*

2. SAME—*Order Extending Time Void, When.* The district court or judge has no power to extend the time for making a case-made after the time fixed by the statute, or the time fixed by the order of the district court or judge for extension of time for making a case-made, has elapsed. And, the extension of time granted by the district court or judge therein having once expired, the district court or judge has no power to extend the time for serving a case-made, and such an order, if made, is void.

3. CASE-MADE — *Cannot Be Amended in Supreme Court — Rule Followed.* A case-made for the supreme court cannot be amended or supplemented in the supreme court by inserting anything therein or attaching anything thereto which did not belong to the case-made and constitute a part thereof when it was originally settled and signed by the judge and attested by the clerk below. The decision of the trial judge as to the truthfulness of the case-made is conclusive and final, at least until the certified record is shown to be intentionally false, and to have been fraudulently prepared, or that there was a want of jurisdiction in the court. (*Ryland v. Coyle*, 54 Pac. 456, 7 Okla. 226, affirmed.)

4. APPEAL—*Transcript—Stipulation.* It is well settled that one appellant cannot refer to the transcript of another appellant in the same cause, so as to make it a part of his record on appeal, without stipulation.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*J. E. Torrance* and *C. T. Atkinson,* for plaintiffs in error.

*Asp, Shartel & Cottingham* and *Morgan & Pancoast,* for defendants in error.

C. W. Noyes and others, interpleaders, bring error from a judgment in favor of Kate Tootle and others. Motion to dismiss granted.

STATEMENT OF THE CASE.

This case is presented upon a motion to dismiss the petition in error for the reason that there is no case-made, duly served, signed, and settled, attached thereto. The

judgment complained of was entered in the court below on the 30th day of August, 1897, and the interpleaders, who are the plaintiffs in error here, were given 90 days from that date in which to make and serve a case-made. Within the period of 90 days, and on the 20th day of November, 1897, an order was made extending the time above granted 30 days. On the 15th day of December, 1897, an order was made granting a further extension of time for making and serving a case-made of 40 days from that date. This period of 40 days from December 15, 1897, expired on the 24th day of January, 1898, and the continuity of extensions was broken at that point; and, so far as appears from the record, the next order of the judge extending the time to make and serve a case-made was not made until the 18th day of February, 1898. and 24 days after the time for making and serving a case-made had expired. No service of the case-made was made or attempted to be made upon the defendants in error, Tootle, Wheeler & Motter, the plaintiffs below, until the 19th day of March, 1898—more than 60 days after the expiration of the order granted on the 15th day of December, 1897, and, as is claimed by the defendants in error, after the expiration of the last valid extension of time for serving a case-made. And the motion to dismiss in this case is founded on these facts.

Opinion of the court by

McATEE, J.: It has been repeatedly held by this court that the district court or judge has no power to extend the time for making a case after the time fixed by the statute, or the time fixed by the order of the district court or judge for extension of time for making a case-made, has elapsed; and, the extensions of time granted by

the district court or judge thereof having once expired, the district court or judge has no power to extend the time for serving a case-made, and such an order, if made, is void. (*Abel v. Blair*, 3 Okla. 399, 41 Pac. 342; *U. S. v. Choctaw, O. & G. R. Co.*, 3 Okla. 404, 41 Pac. 729.)

The plaintiffs in error have moved the court for leave to supply proof that, in addition to the orders extending the time shown in the case-made, an order was made by the district judge who tried the case on or about the 20th day of January, 1898, further extending the time for 30 days, and that the said order was sent to the plaintiffs in error by the district judge by mail, and the original forwarded to the county clerk of the district court of Kay county for filing; and that the jurisdiction was not, in fact, lost by failure to extend the time to make a case in time. Affidavits are filed in support of this motion.

It is shown by an affidavit of the plaintiffs in error's attorney, made on December 30, 1898, that "to the best of his recollection and belief he sent an order extending the time for thirty days from about the 20th day of January, 1898, to the Honorable A. G. C. Bierer, judge, and that said order was returned to him, copies and the original mailed to the clerk of the district court of Kay county," and that, if this order is not attached to the case-made, it must have been omitted by accident at the time the case-made was put together for the purpose of serving; that his own office files had been destroyed by fire since that time, and it is impossible for him to verify his recollection by any positive data that might have been in his office; and that, of all the orders of extension taken, there is but one on file in the office of the clerk of the district court. A further affidavit by

the attorney for plaintiffs in error shows: That, on ac-
count of the scattered location of the various parties to
be served, and especially the absence of Mr. Pancoast, one
of the attorneys for Brown & McFadyen, parties to the
cause, from home, and in Washington, D. C., the various
extensions were rendered necessary; and he then swears
positively that he "prepared an order extending the time
to make and serve a case for the plaintiffs in error for a
period of thirty days, and mailed the same to Judge
Bierer, which was duly signed, and returned to affiant
on or about the 20th day of January;" the original was
mailed to the clerk of the district court of Kay county;
and that since making his first affidavit he recollected
a circumstance which refreshed his recollection, and en-
abled him to swear positively to these facts; and that
at the time the case-made was prepared and put together
for final service he checked over all the extension orders,
putting down the various extensions, and adding them
up; and that the figures made by him clearly showed that
the case was served in due time, and that was done first
before serving the case-made; and that he is unable to
say whether or not the missing copy or order was inad-
vertently omitted at that time or at one of the future
times thereinafter mentioned. That at the time the case
made was settled in the office of Judge Bierer, in
Guthrie, Mr. Pancoast was present, with numerous sug-
gestions of amendments, which required that the case
be taken apart, and various papers and documents in-
serted and others removed, and he does not know
whether the missing order was at that time inadvert-
ently dropped out. The affiant further said that the
order might have been dropped out when the case-made

was placed in the hands of the printer for binding; that he had made diligent search, and could not find the order in the office of the clerk of the district court of Kay county.

An affidavit was also filed by the stenographer of the affiant, who refreshes her memory from a statement of the expense account of the attorneys for plaintiffs in error, and, "is able to say that the attorney for plaintiffs in error went to Perry about the 17th day of February to serve the case-made, and that on his return he stated that he had been obliged to wire Judge Bierer for an extension of time," and that he "sent an order to Judge Bierer by next morning's mail, which came back duly signed."

Affidavits are also filed by the attorney for the defendants in error to the effect that when the case-made was served upon them the orders granted by the court for the extension of time were carefully checked up, and that no such order appeared in the case-made, as described in the affidavits and motion of plaintiffs in error, as having been made on or about January 20, 1898. This statement is also confirmed by the stenographer of the attorneys for the defendants in error, who testifies that she carefully preserved copies of all the extensions of time ordered by the court, and that no such order appeared in the case-made, as testified to by the attorney for plaintiffs in error, as bearing date of "on or about January 20, 1898."

A very full brief has been served and filed in the cause in support of the application of the plaintiffs in error to amend the case-made by inserting the extension of time as averred

in the motion, and it is contended that, as to matters and things other than the rulings of the lower court, or the judge thereof, necessary to make the case reviewable, they may be shown *aliunde* the record (citing *Board of Com'rs of Cloud County v. Citizens' Nat. Bank*, [Kan. App.] 51 Pac. 55;) that service of the case-made could be shown by outside evidence; that evidence could be heard to show the matters pertaining to the settling and signing of the case; and that, while the rulings of the lower court, or the judge thereof, complained of and assigned for error, must be shown by and embodied in the case itself, and cannot be shown by any other or extrinsic evidence, yet other matters or things to make the case reviewable may generally be shown by extrinsic evidence, or evidence outside of the case-made. ˙ (*Railroad Co. v. Whitbeck*, [Kan. Sup.] 48 Pac. 16; *Wilson v. Janes*, 29 Kan. 243.)

And it is strongly urged that, as it was determined in *Mastin v. Gray*, 19 Kan. 458, and in *Reynolds v. Fleming*, 30 Kan. 106, 1 Pac. 61, that, since a want of jurisdiction may be shown by extrinsic evidence, even to impeach a judgment, it may now be argued here that, if a judgment and general jurisdiction may be impeached for want of jurisdiction by extrinsic evidence, and the judgment held to be void upon such evidence, it would seem that any order or judgment of such court might be sustained and upheld upon the showing of jurisdiction, made by the same kind of evidence. The cases cited all bear upon the point of showing that the respective attorneys had due notice of the signing and settling of the case-made, and that all jurisdictional conditions to the regularity of such signing and settling had been con-

formed to, in the absence of such showing in the certificate showing the settling of the case. They are not conclusive here.

The statute provides (section 567, Code Civ. Proc.) that extensions of time may be made upon good cause, and (section 733, Code Civ. Proc.) that "on the journal shall be entered the proceedings of the court of each day, and all orders of the judge in vacation or at chambers, and also all judgments entered on confession or default." If the order of the court extending the time was made as claimed, it should appear of record, and a copy should be produced, by which it should appear that good cause had been shown, and by which the express terms of the order should appear. Nothing is attempted to be shown concerning it, except the statement of plaintiffs in error's affidavit that it was made "on or about January 20, 1898," and extended the time for serving the case 30 days. It was, in a like case, determined by the supreme court of Louisiana, that, where the exact force of an order of extension could not be determined because of failure of counsel to enter it on the minutes, the court would refuse to enforce it. (*Caffin v. Pollard*, 5 Rob. [La.] 125.)

We think, also, that every act or proceeding of the court or judge up to the time of the signing and settling of the case-made is a part of the case-made, and that there is no power here to amend the case-made. And the certificate of the court in this case contains the statement that the "record and case-made contains all the processes, pleadings, evidence, proceedings, statements of counsel, admissions, and stipulations made or had in said cause, and is a full, true, and complete record and case-made in said action."

If this court should now undertake to alter the condition of the record, such an alteration would have to be made in contradiction of the certificate of the judge of the trial court, which declares that "this is a full, true, and complete record and case-made in said action." And it was thereupon settled and signed as such, and we think that this is final, and disposes of the application.

It was held in *Ryland v. Coyle,* 7 Okla. 226, 54 Pac. 456, that: "A case made for the supreme court cannot be amended or supplemented in the supreme court by inserting anything therein or attaching anything thereto which did not belong to the case-made, and constitute a part thereof, when it was originally settled and signed by the judge and attested by the clerk below. The decision of the trial judge as to the truthfulness of the case-made is conclusive and final, at least until the certified record is shown to be intentionally false, and to have been fraudulently prepared, or that there was a want of jurisdiction in the court."

Error was also assigned by Brown & McFadyen, who aver that in a similar application for the amendment of the case-made they have completed a case-made for record in this court, but that they have not filed the same, because they relied upon the case-made which was filed here by Noyes, Norman & Co.; and that they intended to present, from this case-made, the errors which they allege in the trial of the cause. In support of their application they have filed affidavits to the effect that their own case-made is complete, and that their orders of extension were properly taken, and that jurisdiction was not lost in the court below in the case-made which they have themselves prepared. But it is well settled

that one appellant cannot refer to the transcript of another appellant in the same cause, so as to make it a part of his record on appeal, without a stipulation. (*Gates v. Walker*, 35 Cal. 289.)

The motion to dismiss will be granted.

All of the Justices concurring.