LONDON & LANCASHIRE FIRE INS. CO. v. CUMMINGS *et al.*

No. 527.    Opinion Filed January 26, 1909.

(99 Pac. 654.)

**APPEAL AND ERROR—Case-Made—Time of Making.** The trial judge has no power, after the time fixed by order of the court at the time of overruling motion for new trial has elapsed, to extend the time for making and serving a case-made.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County; A. T. West, Trial Judge.*

Action by C. C. Cummings and others against the London & Lancashire Fire Insurance Company. Judgment for plaintiffs, and defendant brings error. Dismissed.

This action was brought in the trial court by defendants in error against plaintiff in error to recover upon a fire insurance policy. Judgment was rendered in favor of defendants in error on the 4th day of May, 1908. On the 8th day of May, 1908, motion for a new trial was overruled, and plaintiff in error was given 60 days in which to prepare and serve a case-made. On the 22d day of July, 1908, after the expiration of the time originally granted by the court to prepare and serve a case-made, further time in which to prepare and serve a case-made until the 20th day of August, 1908, was granted by the trial judge to plaintiff

in error.   Service of the case-made was had on the 13th day of August, 1908.   Defendants in error have filed a motion to strike from the files the case-made and dismiss the appeal, for the reason that the order of the court extending the time within which to make and serve a case-made was void, and the case-made was not served within the time originally fixed by the court, and that nothing is presented to this court for review.

*Galbraith & McKeown, E. L. Fulton,* and *C. W. Stringer,* for plaintiff in error.

*Furman & Croxton* and *Bullock & Kerr,* for defendant in error.

HAYES, J. (after stating the facts as above).   It clearly appears that the order extending the time within which to prepare and serve the case-made was not granted until after the expiration of the time allowed by the court in which to prepare and serve the same.   It is well settled that neither the court nor the judge thereof in vacation after the time granted in which to prepare and serve a case-made has expired has the power to extend the time previously granted by the court in which to make and serve a case-made.   *Abel v. Blair,* 3 Okla. 399, 41 Pac. 342; *United States v. C., O. & G. Ry. Co. et al.,* 3 Okla. 404, 41 Pac. 729; *Sigman v. Poole,* 5 Okla. 677, 49 Pac. 944; *Blanchard v. United States,* 6 Okla. 587, 52 Pac. 736; *Board of County Commissioners of Day County v. Hubble,* 8 Okla. 209, 57 Pac. 163; *Noyes v. Tootle,* 8 Okla. 505, 58 Pac. 652; *Board of Commissioners of Garfield County v. Porter,* 19 Okla. 173, 92 Pac. 152.

The assignment of error relied upon by plaintiff in error for reversal are such as can be presented only by case-made. There is therefore nothing before this court for review, and the motion is sustained, and the appeal dismissed.

All the Justices concur.