## ELLIS *et al.* v. CARR.

No. 942.    Opinion Filed March 8, 1910.

(108 Pac. 1101.)

1. **APPEAL AND ERROR—Case-Made—Extension of Time.** A trial judge, after the time for making and serving a case-made as previously extended by the court has expired, has no power to extend further the time for making and serving a case.

2. **SAME—Record of Extension.** A purported order of a trial judge extending the time in which to make and serve a case-made is without force, where the case-made fails to show affirmatively that such order was made, and where it does not appear that such order was ever filed in the case in the lower court or entered upon the record of the journals of the court, as required by section 4731, Wilson's Rev. & Ann. St. 1903.

(Syllabus by the Court.)

*Error from District Court, Murray County; R. McMillan, Judge.*

Action between D. F. Ellis and others and H. M. Carr. From the judgment, Ellis and others bring error. Dismissed.

*H. A. Ledbetter* and *Fagan & Kendrick,* for plaintiffs in error. *Blanton & Andrews,* for defendant in error.

HAYES, J. This is an appeal from an order overruling a motion for a new trial made on the 4th day of January, 1909.

On the day the motion for a new trial was overruled, plaintiff in error was granted 60 days within which to prepare and serve a case-made. On March 1, 1909, an extension of time for a period of 90 days from March 6, 1909, was granted by the trial judge. There is inserted in the case-made what purports to be an order of the trial judge extending the time for a further period of 30 days. This purported order is indorsed on the application of plaintiff in error for a further extension of time in which to make and serve a case-made. The application is dated the 5th day of June, 1909. The order fails to show the date upon which it was made, but it must be presumed that it was made after the application therefor. The case-made was served on counsel for defendant in error on the 19th day of June, 1909. The time within which service could be had under the order of extension made on March 1st expired on June 4th. The last order of the court further extending the time for 30 days is therefore void, for the reason that neither the court nor the judge thereof in vacation after the time granted on March 1, 1909, had expired had the power to extend the time previously granted. *London & Lancashire Fire Ins. Co. v. Cummings et al.* 23 Okla. 126, 99 Pac. 654.

The assignments of error relied upon and urged in brief by plaintiff in error for reversal are such as can be presented only by case-made or bill of exceptions; and the case-made, not having been legally served, is void, and there is therefore nothing before this court that can be reviewed.

The motion to dismiss also presents another valid objection to the purported order extending the time for serving case-made. It is inserted in the case-made, but the case-made contains no recital that such order was made in the case, nor is the order in any manner identified in the case-made as having been made in the action; nor does it appear that the same was ever filed in the trial court or entered of record therein, as required by the statute. Section 4731, Wilson's Rev. & Ann. St. The failure of the case-made to show affirmatively that the purported order was ever made by the court or judge, or that the same was ever filed in the court be-

low or entered of record, renders such order without force in this court. *Springfield Fire & Marine Ins. Co. v. Gish, Brook & Company*, 23 Okla. 824, 102 Pac. 708.

The motion to dismiss is sustained.

Dunn, C. J.; and Kane and Turner, JJ., concur; Williams, J., not participating.