## HAYNES *et al.* v. SMITH.

No. 1720.    Opinion Filed November 14, 1911.

(119 Pac. 246.)

1. APPEAL AN ERROR—Case-Made—Failure to File in Time.    A case-made, not served within 3 days after the judgment sought to be reviewed is entered, or within the extension of time allowed by the court or judge, is a nullity, and will not be considered by this court.

2. APPEAL AND ERROR—Case-Made—Service—Extension of Time. An order granting an extension of time, made after the expiration of the time originally granted for making and serving a case-made, is void.

3. APPEAL AND ERROR—Petition in Error—Amendments.    Within

the time allowed for bringing proceedings in error in this court, amendments to a petition in error are generally allowed as of course.

(a.)    After the expiration of such time, matters of form as a rule may be corrected, but no new allegations of error can be made.

4.    APPEAL AND ERROR—''Errors of Law Occurring at the Trial''—''Trial.'' The overrruling or sustaining of a demurrer to a pleading is not included in ''errors of law occurring at the trial.'' Section 4196, St. Okla. Ter. 1893 (section 5825, Comp. Laws 1909).

(a.)    A trial does not commence until an issue of fact is joined.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; A. H. Huston, Judge.*

Action by B. F. Smith against John E. Haynes and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*A. L. Emery,* for plaintiffs in error.

*F. L. Boynton,* for defendant in error.

WILLIAMS, J. On May 28, 1909, motion for new trial was overruled, and the defendants allowed 90 days within which to prepare and serve a case-made; the plaintiff to have 10 days thereafter within which to suggest amendments; the same to be settled upon five days notice of the time and place proposed therefor. On July 28, 1909, the defendants "are given 90 days in addition to the time heretofore granted in which to serve and file a case-made." On November 3, 1909, it was ordered by the trial judge "that the time granted to the defendants to make and serve a case-made for the Supreme Court be and is extended for a period of 60 days in addition to the time already granted." On February 23, 1910, it was ordered by the trial judge "that the time already granted to the defendants to make and serve a case-made for the Supreme Court be and the same is extended for a period of 30 days in addition to the time already granted." On March 24, 1910, it was ordered by the trial judge "that the time already granted to the defendants to make and serve a case-made for the Supreme Court be and the same is extended for a period of 30 days in addition to the time already granted." The case-made was served on April 27, 1910. On May 7, 1910, notice of the time and place of

settlement was waived, together with the right to suggest amendments. On May 24, 1910, the case-made was settled and signed. The 90 days allowed on May 28, 1909, expired on August 27, 1909. The 90 days additional time granted on July 28, 1909, expired on November 25, 1909. The 60 days allowed on November 3, 1909, expired on January 24, 1910. The 30 days granted on February 23, 1910, expired on March 25, 1910, and the 30 days allowed on March 24, 1910, expired on April 23, 1910.

If it be that the order on November 3, 1909, was extended 90 days instead of 60 days, in that event it would have expired on March 25, 1910, and the 30 days granted on March 24, 1910, would have expired on April 25, 1910. Under that theory, the case-made was not served in time, and some of the orders of extension were made out of time.

It is settled that a case-made, not served within three days after the judgment sought to be reviewed is entered, or within the extension of time allowed by the court or judge, is void, and will not be considered. *Thompson et al. v. Fulton, ante,* 119 Pac. 244, decided at this term, and authorities therein cited. It is also settled that an order granting an extension of time, made after the expiration of time originally granted, is a nullity. *London & Lancashire Fire Ins. Co. v. Cummings et al.,* 23 Okla. 126, 99 Pac. 654; *Bray v. Bray,* 25 Okla. 71, 105 Pac. 200; *Ellis v. Carr,* 25 Okla. 874, 108 Pac. 1101; *Bettis v. Cargile,* 23 Okla. 301, 100 Pac. 436. It follows that the case-made in this proceeding is a nullity, and cannot be considered in this court.

The record, however, is certified as a transcript, and if any assignment of error in the petition in error raises any question that could be brought up on transcript the appeal should not be dismissed. The following are the assignments of error in the petition in error: (1) Verdict and judgment contrary to law. (2) Judgment and verdict not sustained by the weight of evidence. (3) Error in the instructions given the jury. (4) Irregularities in the proceedings at said trial, by which the defendants were prevented from having a fair trial. (5) Errors of law occurring at the trial, and excepted to by plaintiffs in error.

The assignments of error in the petition in error raise questions that it is essential to bring up the evidence and rulings of the trial court thereon, either by case-made or bill of exceptions, in order to determine whether there was error.

This proceeding in error was filed in this court on May 26, 1910, and a year has elapsed since that date. Within the time allowed for bringing proceedings in error in the Supreme Court, amendments to a petition in error are generally allowed as of course. *Railway Company v. Whitaker,* 42 Kan. 634, 22 Pac. 733; *Crawford v. Railway Co.,* 45 Kan. 474, 25 Pac. 865. After the expiration of such time, matters of form may be corrected, but no new allegations of error can be made. *Crawford v. Railway Co., supra; Cogshall v. Spurry,* 47 Kan. 448, 28 Pac. 154.

The overruling or sustaining of a demurrer to a pleading is not included in "errors of law occurring at the trial," since a trial does not commence until an issue of fact is joined. *Bank v. Harding,* 65 Kan. 655, 70 Pac. 655; section 4196, Stat. Okla. Ter. 1893; section 5825, Comp. Laws 1909. It follows that no error is assigned in the petition in error that may be reviewed on a transcript.

The proceeding in error is dismissed.

All the Justices concur.