## McCONNELL v. CORY.

No. 3167.    Opinion Filed October 15, 1912.

(127 Pac. 759.)

1. **APPEAL AND ERROR—Petition in Error—Amendment.** Within the time allowed for bringing proceedings in error in this court, amendments to a petition in error are generally allowed as of course; thereafter, matters of form as a rule may be corrected, but no new allegations of error can be made.

2. **SAME—Review—Amendment—Motion for New Trial.** Where the statutory period within which a proceeding in error may be begun has elapsed, and the only errors sought to be presented by the petition in error are those alleged to have occurred on the trial, and no assignment is made that the trial court erred in its action on the motion for a new trial, this court is without jurisdiction or authority to review the case, or to allow an amendment of the petition in error setting up such assignment.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by L. L. Cory against P. D. McConnell. Judgment for plaintiff, and defendant brings error. Dismissed.

*Rowland & Talbott,* for plaintiff in error.

*Hindman & Woodford,* for defendant in error.

DUNN, J. This case presents error from the district court of Tulsa county. May 10, 1911, the said court denied the motion of plaintiff in error for new trial and rendered judgment. October 12, 1911, a petition in error with case-made attached was filed in this court. June 6, 1912, a motion to dismiss the appeal was filed by counsel for defendant in error on the ground that no question is presented in the petition in error, except of errors alleged to have occurred during the progress of the trial of the cause, and no assignment is made that the court erred in overruling the motion of plaintiff in error for a new trial.

Counsel for plaintiff in error very frankly concede that under the authorities both of Oklahoma and also of Kansas, from

whence our procedure act came, it is essential, in order to secure a review of errors alleged to have occurred during the progress of the cause in the trial court, that a motion for a new trial be presented in the court where they are alleged to have occurred, and that the action of the court thereon be presented to this court as one of the assignments of error. But it is urged that counsel for defendant in error ought not now be permitted to object, by reason of the absence of such assignment in the petition in error, because of delay in presenting it, and for the further reason that the same was assigned as error in the briefs filed. In addition thereto, counsel pray for permission to correct their petition in error, so as to include among its assignments the assignment that the court erred in denying the motion for new trial. While it must be conceded, as stated by counsel, that the trend of modern decisions is toward a liberal construction of the right of amendment, where no substantial injury will ensue and justice be promoted, the proposition presented in this case is rather more than a right to amend. It is a request to be permitted at this time to state a cause of action.

The statute in force at the time of the rendition of the order of which complaint is sought to be made provides that "no proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of." Section 6082, Comp. Laws 1909. The real gist of the complaint sought to be made in this court is that the trial court erred in not granting to plaintiff in error another trial. If the motion had been granted, plaintiff in error's cause of action in this court would not have existed. It was the denial of the request contained in this motion which constitutes his grievance, and, in order to state a cause of action on errors occurring on the trial, it was essential within one year, under the statute above cited, to begin his action in this court. In the absence of complaint of the action of the trial court in denying the motion for new trial, no cause of action is stated, and to allow such cause to be now stated would not be to grant an amendment, but would be virtually to enlarge the time given in the statute, and

to assume a jurisdiction which has been denied, and no laches of either the defendant in error or his counsel could confer such jurisdiction.   It is the duty of this court to discover its jurisdiction, and, where it is lacking, decline to exercise it.   See *Haynes et al. v. Smith*, 29 Okla. 703, 119 Pac. 246, in which the questions presented by counsel for plaintiff in error are decided adversely to them.

This court, therefore, being without jurisdiction to review the errors which are alleged to have occurred, and no question being made as to the sufficiency of the pleadings to sustain the judgment, the motion to dismiss must be sustained.

TURNER, C. J., and HAYES, WILLIAMS, and KANE, JJ., concur.