## ANTIS v. PARSON *et al.*

No. 5558.  Opinion Filed December 9, 1913.

Rehearing Denied March 3, 1914.

(138 Pac. 1020.)

**APPEAL AND ERROR—Case-Made—Time for Serving—Extension.**  An order granting an extension of. time made after the expiration of the time originally granted for making and serving case-made is void.

(Syllabus by the Court.)

*Error from District Court, Harper County;*
*R. H. Loofbourrow, Judge.*

Action by Charles W. Antis against A. K. Parson and C. H. Martin. Judgment for defendants, and plaintiff brings error. Dismissed.

*Appelget & Herod,* for plaintiff in error.

*Chas. Swindall,* for defendants in error.

TURNER, J.  On March 14, 1913, motion for a new trial was overruled, and plaintiff was allowed 40 days within which to prepare and serve case-made, defendants allowed ten days thereafter within which to suggest amendments, the same to be settled upon five days' notice of the time and place. On April 29, 1913, plaintiff was granted "an extension of 60 days from this date to prepare and serve case-made, and submit the same to the adverse party or his attorney of record, and that the same thereafter be settled and allowed within the times in the original order specified." The case-made was served on May 7, 1913.

From an affidavit of one of the attorneys for the plaintiff in error, which is attached to the case-made, it appears that he was under the impression that 60 days was originally granted for preparing and serving case-made, and, before that 60 days expired, he secured the order of April 29, 1913, granting an additional 60 days, and that the case-made was filed within that period. The

facts are that, after judgment was rendered in favor of defendants, no journal entry was prepared by them, and plaintiff, in order to have the record complete, inserted therein, without submitting it to the trial judge, a journal entry, prepared by himself, reciting that 60 days was allowed within which to prepare and serve case-made; that, after the case-made was served on defendants' attorney, he suggested amendments, one of which was a new and correct journal entry allowing plaintiff but 40 days in which to prepare and serve case-made, all of which amendments were allowed and incorporated in the case-made.

The 40 days allowed March 14, 1913, expired April 24, 1913, and the order made April 29th was too late. An order granting an extension of time made after the expiration of the time originally granted for making and serving a case-made is void. *London & Lancashire Fire Ins. Co. v. Cummings,* 23 Okla. 126, 99 Pac. 654; *Ellis v. Carr,* 25 Okla. 874, 108 Pac. 1101; *Bettis v. Cargile,* 23 Okla. 301, 100 Pac. 436; *Haynes v. Smith,* 20 Okla. 703, 119 Pac. 246.

The motion to dismiss the appeal is sustained.

All the Justices concur.