## TALLIAFERRO v. EXCHANGE BANK OF PERRY.

No. 5746.    Opinion Filed March 24, 1914.

(139 Pac. 955.)

1. **APPEAL AND ERROR**—Case-Made—Time of Filing. A trial judge has no power to extend the time for making a case-made after the time fixed by the statute, or the time fixed by the order of the court or trial judge extending the statutory period for making the case-made has elapsed.

2. **SAME.** Rev. Laws 1910, sec. 5242, construed, and held not to operate retrospectively or apply to judgments entered before its passage, but is limited in its operation to judgments thereafter entered.

(Syllabus by the Court.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by the Exchange Bank of Perry against C. T. Talliaferro. Judgment for plaintiff, and defendant brings error. Dismissed.

Talliaferro v. Exchange Bank of Perry.

*P. W. Cress,* for plaintiff in error.

*Chas. R. Bostick* and *H. E. St. Clair,* for defendant in error.

TURNER, J.   The question involved in this case is raised by a motion to dismiss filed by defendant in error.   The record discloses that judgment was rendered and entered May 7, 1913, and at the same time plaintiff in error, defendant below, was given 90 days "in addition to the time allowed by law" to prepare and serve the case-made.   At the time this judgment was rendered three days was the period allowed by law.   Comp. Laws 1909, sec. 6074.   The contention of plaintiff in error is that fifteen days was the period allowed by Rev. Laws 1910, sec. 5242.   Not so, for the reason that the judgment here was rendered and entered May 7, 1913, and the Revised Laws of 1910 did not become effective until May 16, 1913, and said section does not operate retrospectively or apply to judgments entered before its passage, but is limited in its operation to judgments thereafter entered.   By this first order, then, plaintiff in error was given 93 days from May 7, 1913, or up to and including August 8, 1913.   The record further discloses that on July 8, 1913, plaintiff in error was given an additional 60 days, which extended the time up to and including October 7, 1913.   The case-made was not served until October 8, 1913.   The motion to dismiss, for the reason that the case-made was not served in time, is sustained. *Willson v. Willson,* 27 Okla. 419, 112 Pac. 970; *Lathim v. Schlack,* 27 Okla. 522, 112 Pac. 968.

It is true the trial court attempted on October 8, 1913, to further extend the time; but that action was a nullity, for the reason that, "where the time granted by the trial court within which to make and serve a case-made expires before the case is made and served, the court thereafter is without power to grant a further extension for that purpose." *Maddox v. Drake,* 27 Okla. 418, 112 Pac. 969; *London & Lan. Fire Ins. Co. v. Cummings et al.,* 23 Okla. 126, 99 Pac. 654.

Dismissed.

All the Justices concur.