## CREECH v. CHICAGO, R. I. & P. RY. CO.

No. 4824.     Opinion Filed April 6, 1915.

(147 Pac. 775.)

1.     **APPEAL AND ERROR—Assignments of Error—Questions of Fact—Dismissal.** Where the only assignments of error call for a review of questions of fact not arising upon the pleadings, and the petition in error fails to assign as error the overruling of motion for new trial, the appeal will be dismissed.

2.     **APPEAL AND ERROR—Petition in Error—Amendment.** After expiration of the statutory time allowed for filing petition in error in this court, it cannot be amended, setting up new and distinct assignments of error.

(Syllabus by the Court.)

*Error from Superior Court, Grady County;*
*Will Linn, Judge.*

Action by Charles Creech against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Appeal dismissed.

*F. E. Riddle,* for plaintiff in error.

*C. O. Blake, R. J. Roberts, W. H. Moore, J. G. Gamble,* and *K. W. Shartel,* for defendant in error.

BROWN, J. Judgment was rendered in this case in the superior court of Grady county May 9, 1912, from which the plaintiff brings error to this court. The petition in error recites the following assignments:

"(1) That the trial court erred in sustaining the demurrer of the defendant in error to the testimony and evidence of plaintiff and rendering judgment in favor of said defendant in error and against plaintiff in error, dismissing said petition in favor of said defendant in error. (2) That the decision and judgment of the court is contrary to law. (3) Error of the court in excluding certain testimony offered by the plaintiff, on objection of the defendant as shown from the case-made, to which plaintiff excepted."

It is clear that for the purpose of considering the above assignments there must have been first filed a motion for new trial and the overruling thereof assigned as error. This is not done.

Plaintiff in error asks to be permitted to amend his petition in error in this respect,. but since more than six months have expired since the rendition and entry of the judgment appealed from, this cannot be done. *Turner v. First National Bank*, 40 Okla. 489, 139 Pac. 703; *Ardmore Oil & Milling Co. v. Doggett Grain Co.*, 32 Okla. 280, 122 Pac. 241.

For the reasons stated the appeal must be dismissed.

All the Justices concur, except KANE, C. J., not participating.