### KEENER v. BUTTLER.

No. 7146.   Opinion Filed July 11, 1916.

(159 Pac. 468.)

**APPEAL AND ERROR—Jurisdiction—Sufficiency of Assignments.**
   Where the statutory period within which a proceeding in error may be begun has elapsed, and the only errors sought to be presented by the petition in error are those alleged to have occurred on the trial, and no assignment is made that the trial court erred in its action on the motion for a new trial, this court is without jurisdiction or authority to review the case, or to allow an amendment of the petition in error setting up such assignment.

(Syllabus by the Court.)

*Error from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Action between Jeff Keener and Charles Buttler. From the judgment, Keener brings error. Dismissed.

*Asbery Burkhead,* for plaintiff in error.

*J. I. Coursey,* for defendant in error.

KANE, C. J.  This cause comes on to be heard upon a motion by the defendant in error to dismiss the appeal, and the motion of the plaintiff in error for leave to fi'e an amended petition in error. The ground for dismissal is that there were no assignments of error that could be urged, except those which occurred at the trial, and that they could not be considered because in the petition in error it was not assigned as error that the trial court erred in overruling the motion for new trial. This is a good ground for dismissal *(Avery et al. v. Hays,* 44 Okla. 71, 144 Pac. 624), and the motion to dismiss must be sustained, unless the plaintiff in error is permitted to amend his petition in error, pursuant to his motion, by adding thereto the following assignment:

"The court erred in overruling plaintiff in error's motion for new trial."

The petition in error filed in this court shows that on the 2d day of October, 1914, the judgment appealed from was rendered.  As the application to amend petition in error was not filed until the 20th day of April, 1916, it is apparent that more than six months expired between the rendition of the judgment and the filing of the motion for leave to amend the petition in error.  In *McConnell v. Cory,* 33 Okla. 607, 127 Pac. 259, it was held:

"Where the statutory period within which a proceeding in error may be begun has elapsed, and the only

errors sought to be presented by the petition in error are those alleged to have occurred on the trial, and no assignment is made that the trial court erred in its action on the motion for a new trial, this court is without jurisdiction or authority to review the case, or to allow an amendment of the petition in error setting up such assignment." .

As counsel presents nothing for review, except errors occurring at the trial, it follows that the motion for leave to amend the petition in error must be overruled, and the motion to dismiss sustained. It is so ordered.

All the Justices concur.