**BROWN et al. v. ANDERSON.**

No. 7416—Opinion Filed Oct. 24, 1916.

(160 Pac. 724.)

**1. Appeal and Error—Presenting Questions in Trial Court—Necessity.**

The syllabus in Vandenberg v. Winne, 55 Okla. 679, 155 Pac. 245, is adopted herein.

**2. Appeal and Error—Assignments of Error —Amendment.**

After the expiration of the statutory time allowed for filing petition in error in this court, it cannot be amended by setting up new and distinct assignments of error, and where permission to amend has been given and a new assignment is set out in the amended petition in error, such assignment will be considered as having been inadvertently made, and will not be considered by the court.

**3. Indians—Lands—Powers of State Courts.**

One of the essential elements in the jurisdiction of a court is "power to adjudicate the particular question" presented for judgment. The state courts of this state have no power to authorize a conveyance of restricted Indian lands in contravention of the treaties and acts of Congress relating thereto.

**4. Indians—Right of Action—Jurisdiction of State Court.**

A full-blood Indian, being a citizen of the United States, and of this state, has a right to sue in the courts of the state, the same as any other citizen and, within the jurisdiction of such courts, may have his rights growing out of the treaties and acts of Congress relating to his land adjudicated, and such rights as may be protected at the suit of the executive department of the federal government may also be enforced in the state courts by an action instituted by the Indian in his own proper person.

(Syllabus by Galbraith, C.)

Error from District Court, Jefferson County; Frank M. Bailey, Judge.

Action by Osborne Anderson against J. R. Brown and others. Judgment for plaintiff, and defendants bring error. Affirmed.

H. A. Ledbetter, F. M. Adams, D. M. Bridges, and John Vertrees, for plaintiffs in error.

Guy Green and H. L. Westphal, for defendant in error.

Opinion by GALBRAITH, C. The defendant in error, Osborne Anderson, a full-blood Chickasaw Indian, commenced this action in ejectment in the trial court against the plaintiffs in error to recover possession, and to cancel a conveyance of the allotment of Lottie Hihcha, who died in December, 1906, leaving him as her sole surviving heir. It was alleged in the petition that the conveyance for this inherited land, which he sought to have canceled, was void for the reason that it had been executed and delivered during his minorty. There was a trial to the court and a judgment for the plaintiff, adjudging him to be the owner of the fee in the land, and entitled to possession and canceling the deed, and for damages

in the amount of the rental of the land during the time the defendants had been in possession. To review this judgment an appeal has been prosecuted to this court.

Motion has been interposed to dismiss the appeal on the ground that there is no assignment in the petition to the action of the court in overruling the motion for new trial. It is argued in support of the motion that the only errors assigned in the petition in error are those occurring at the trial, and in order to bring them here for review it was necessary that a motion for new trial should be filed and acted upon by the court, and the action of the court in denying the motion assigned as error in the petition in error. The judgment appealed from was rendered in December, 1914. The case-made and petition in error were lodged in this court on June 5, 1915. The motion to dismiss was filed July 1, 1916. It appears that on June 28, 1916, application for permission to amend the petition in error was filed, and that an order was made on July 5, 1916, granting such motion. The record as now presented has attached to the case-made a writing, bearing no file mark, entitled, "First amended petition in error," in which the first assignment of error is as follows:

"Because the trial court erred in overruling the motion of the plaintiff in error (defendant below) for a new trial."

It is insisted that the matter allowing an amendment to the petition in error being discretionary with the court, and the amendment having been made, the motion to dismiss is not well taken, and should be denied. To that view we do not assent. We take it that the permission to amend the record was given pro forma, and that it was not contemplated at the time of giving such permission that any amendment would be made not permitted by the established practice in this jurisdiction, and that it was not intended by granting such permission to hold that the court could by such order extend the time for commencing proceedings in error, or that the plaintiff in error would amend his petition in error by assigning an entirely new assignment of error. Under the established practice in this court much liberality is shown in allowing amendments to the record in matter of form so as to make it speak the truth, but it has never been held, so far as we are advised, under an order permitting an amendment, that a new and distinct assignment of error was authorized. On the contrary, it has been held that the petition in error cannot be amended after the time has run for commencing proceedings in error by assigning a

new assignment of error, for the reason that this would permit filing a new cause of action after the statute of limitation had run.

In McConnell v. Cory, 33 Okla. 607, 127 Pac. 259, it was said:

"In the absence of complaint of the action of the trial court in denying the motion for new trial, no cause of action is stated, and to allow such cause to be now stated would not be to grant an amendment, but would be virtually to enlarge the time given in the statute, and to assume a jurisdiction which has been denied, and no laches of either the defendant in error or his counsel could confer such jurisdiction. It is the duty of this court to discover its jurisdiction, and, where it is lacking, decline to exercise it. See Haynes et al. v. Smith, 29 Okla. 703, 119 Pac. 246, in which the questions presented by counsel for plaintiff in error are decided adversely to them."

It was clearly not intended by the court in granting permission to amend to enlarge the time given by the statute to commence proceedings in error. We therefore conclude that the plaintiffs in error were not authorized by the permission given to file the amended petition in error with the new and additional assignment as they have done, and therefore this assignment does not operate to bring up for review the questions brought up by such assignment when properly made.

As to the necessity of the assignment under consideration, in Vandenberg v. Winne, 55 Okla. 679, 155 Pac. 245, the court said:

"The plaintiff in error only complains here of errors that occurred during the trial of the cause, and this court has repeatedly held in a long line of well-considered cases that errors occurring during the trial cannot be considered by the court unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to and afterwards assigned for error in the Supreme Court."

And again, in Creech v. C., R. I. & P. R. Co., 47 Okla. 100, 147 Pac. 775, the first paragraph of the syllabus reads:

"Where the only assignments of error called for a review of questions of fact not arising upon the pleadings, and the petition in error fails to assign as error the overruling of motion for new trial, the appeal will be dismissed."

As to whether or not this defect in the petition may be amended, the second paragraph of the syllabus in this case is in point, and is as follows:

"After expiration of the statutory time allowed for filing petition in error in this court,

it cannot be amended, setting up new and distinct assignments of error."

Under these authorities we take it that the errors complained of being errors occurring at the trial, in the absence of an assignment to the order in overruling the motion for new trial, are not brought up for review by the case-made, and that the motion to dismiss should be sustained, except for the fact that the second assignment of error in the original petition in error is "that the judgment is contrary to law," and that the record being certified as a transcript, and this assignment raising a question appearing on the record, the motion to dismiss should be denied.

It is urged in support of this assignment that when it appeared in the course of the trial that the plaintiff was a full-blood Indian and the subject of the action was restricted Indian lands, that these facts "excluded the court from passing upon the question raised by the pleadings and the evidence." The argument, as presented in the brief, is as follows:

"In other words, it is our contention, that when the pleadings and the evidence disclose that the party suing is an Indian of the full-blood class, and is seeking to cancel conveyances made by him while he was restricted, the jurisdiction of the court is ousted, for the full-blood Indian is a ward of the National government, and unless the suit is brought by the guardian, the national government or some of its agents or representatives, the ward is incapacitated to sue to cancel the conveyances made in violation of the restrictions contained in the treaties and acts of Congress."

It is further argued that inasmuch as the federal government has reserved the right to institute suit for the protection of the restricted Indian in the title to his lands, and may vacate the judgment of the state court, abridging restrictions placed thereon by an act of Congress, as was done in Bowling v. United States, 233 U. S. 528, 34 Sup. Ct. 659, 58 L. Ed. 1080, that the jurisdiction of the state court over such question is entirely abrogated.

It seems that this argument is fully answered by the Supreme Court of the United States in the Heckman Case, 224 U. S. 446, 32 Sup. Ct. 435, 56 L. Ed. 820, in the following excerpt:

"In what cases the United States will undertake to represent Indian owners of restricted lands in suits of this sort is left under the acts of Congress to the discretion of the executive department. The allottee may be permitted to bring his own action, or if so brought the United States may aid him in its conduct, as in the Tiger Case (221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738). And, as already noted, the act of May 27, 1908, makes provision for the proceedings by the representatives of the Secretary of the Interior in the name of the allottee. But in the opportunities thus afforded there is no room for the vexation of repeated litigation of the same controversy. And when the United States itself undertakes to represent the allottees of lands under restriction and brings suit to cancel prohibited transfers, such action necessarily precludes the prosecution by the allottees of any other suit for a similar purpose relating to the same property."

To the same effect is the holding of this court in Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334, wherein it is held that one of the essential elements to the jurisdiction of a court to render judgment in any case is "the jurisdictional power to adjudicate the particular questions."

The reason why this essential element of jurisdiction was wanting in the court to render judgment in that case was that the court had no power to remove restrictions from lands imposed by an act of Congress as was therein attempted to be done.

The state court is without power to authorize conveyances of land in violation of the congressional restrictions thereon. In the Bowling Case, supra, the state court by its decree attempted to authorize a conveyance in violation of restrictions prescribed by act of Congress, and thereby exceeded its jurisdiction. Its decree was for that reason void; although the land was subsequently conveyed many times, no one of the grantees had any title, on account of the want of power in the court to make the decree that attempted to authorize the conveyance from the allottee to the first purchaser, and therefore the proper federal agency had authority to invoke the jurisdiction of the federal court to cancel the conveyance of the restricted Indians' land made in pursuance of the decree of the state court.

In Postoak v. Lee, 46 Okla. 477, 149 Pac. 155, the plaintiff in error was a full-blood Indian, and this court said in regard to his rights to contract:

"The fact that one of the parties to the contract was a full-blood Indian did not incapacitate him or impair his right to enter into this contract. He had the same right as other persons to make contracts generally. The only restriction on this right peculiar to an Indian was in regard to contracts affecting his allotment."

Osborne Anderson, the defendant in error, although a full blood Indian, was a citizen of the United States and of the state of

Oklahoma. No good reason appears why he should be denied the privilege of appealing to the courts of the state the same as any other citizen to enforce his rights to property, even though such property be land upon which restrictions against alienation have been imposed by an act of Congress. The federal jurisdiction over the Indian's land was "forever disclaimed" by the state in section 3 of the Constitution, and the jurisdiction over the same was recognized to be in the United States. In article 12, sec. 302, Williams' Constitution, the homestead and exemption laws are extended "to any Indian or other allottee." There would be little use in giving the allottee the benefit of the homestead and exemption laws if he could not appeal to the state courts to enforce such rights the same as any other citizen. The right of the citizen to appeal to the court and the power of the court to pronounce judgment are separate and distinct things. The state courts have no power to render a judgment enlarging or removing restrictions of alienations on Indian lands placed there by act of Congress, because this power is expressly disclaimed in the Constitution of the state and remains in the Congress of the United States. Although the state courts cannot enlarge the restrictions upon the Indian's land, no reason appears why they may not enforce rights of an Indian citizen in regard to lands, although such rights are conferred by a treaty or act of Congress.

The trial court found that Osborne Anderson conveyed the land when a minor, and that the conveyance on that account was void, and should be canceled. That judgment is not contrary to law, but is entirely supported by the law, and should be affirmed.

By the Court: It is so ordered.