**McCALL CO. v. LONG et al.**

No. 8743—Opinion Filed Feb. 11, 1919.

(178 Pac. 691.)

(Syllabus.)

**1. Appeal and Error—Petition in Error—Amendment—Time.**

A petition in error cannot be amended by assigning error in overruling petitioner's motion for a new trial after six months from the rendition and entry of the judgment appealed from.

**2. Same—New Assignment—Review.**

After the expiration of the statutory time allowed for filing petition in error in this court, it cannot be amended by setting up new and distinct assignments of error, and

where permission to amend has been given and a new assignment is set out in the amended petition in error, such assignment will be considered as having been inadvertently made, and will not be considered by this court.

Error from District Court, Stephens County; Cham Jones, Judge.

Action in justice court by the McCall Company against P. T. Long, and others, constituting the Grand Leader. From a judgment of the district court, on appeal, sustaining a demurrer to plaintiff's evidence and rendering judgment for defendants for their costs, plaintiff brings error. Affirmed.

Keaton, Wells & Johnston and J. L. C. Guest, for plaintiff in error.

Bond & Kolb and J. M. Sandlin, for defendants in error.

RAINEY, J. This is an action instituted originally in a justice court of Stephens county by the McCall Company, as plaintiff, against P. T. Long, W. W. Payne, John O'Neil, R. B. Frensley, and J. M. Craig, whom it was alleged "constituted the Grand Leader," as defendants, to recover the sum of $151.31. On appeal trial was had in the district court, where said court sustained a demurrer to plaintiff's evidence and rendered judgment for the defendants for their costs, from which judgment the McCall Company has appealed to this court. The parties will be designated as they appeared in the trial court.

The petition in error and case-made were filed in this court on November 11, 1916. At that time the assignments of error as appeared in the petition in error were as follows:

"First. The decision or judgment of the court is contrary to law.

"Second. Error of the court in excluding contract marked 'Exhibit A,' offered by plaintiff in error, to which plaintiff at the time excepted.

"Third. Error of the court in excluding transfer of assignment or contract offered in evidence by plaintiff, to which plaintiff at the time excepted.

"Fourth. The decision and judgment of the court is contrary to the evidence.

"Fifth. Error of law occurring at the trial, and excepted to by the plaintiff.

"Sixth. Error of the court in admitting incompetent, irrelevant, and immaterial testimony offered by the defendant, to which plaintiff at the time excepted.

"Seventh. Error of the court in excluding competent, relevant, and material testimony

offered by the plaintiff, to which plaintiff at the time excepted.

"Eighth. Newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

On May 7, 1917, defendant filed a motion to dismiss the appeal, for the reason that in the assignments of error in the petition in error plaintiff complained only of errors occurring at the trial of the cause, and said petition in error did not contain an assignment to the effect that the trial court erred in overruling plaintiff's motion for a new trial. On May 8, 1917, plaintiff filed its motion to amend and correct case-made by showing that it excepted to the order of the court in overruling its motion for a new trial. On May 22, 1917, pursuant to said motion, leave was given to correct the case-made in 30 days under the direction of the trial court or judge on 5 days' notice to the defendants. On August 9, 1917, the plaintiff filed its motion for permission to withdraw the record and to correct the same, setting out that under the leave theretofore granted, on account of a misunderstanding, the amendments had not been made within the time allowed, and that said time had elapsed. In this motion permission was also asked to "amend its petition in error by amending in form and substance the first assignment of error therein stated." On August 18th following, the court granted leave to withdraw the case-made for 30 days for correction under the direction of the trial court or judge on 5 days' notice, and granted leave to amend the petition in error. On November 27, 1917, the court overruled defendant's motion to dismiss the appeal. On December 13, 1917, petition was filed to reconsider this motion, which was denied on March 26, 1918.

When the case-made and petition in error were withdrawn the second time, the first assignment of error in the petition in error was amended by interlineation by inserting the words "in overruling motion for new trial," making said first assignment read as follows:

"The decision or judgment of the court in overruling motion for new trial is contrary to law."

In their brief, counsel for defendants again insist that the errors complained of cannot be considered by this court, and as grounds therefor say:

"That it is shown by the petition in error as originally filed in this court on November 11, 1916, that the plaintiff in error only complains here of errors that occurred at the trial of said cause in the lower court, and said plaintiff in error does not assign as error the overruling of its motion for new trial by said court."

They further say that, although on September 18, 1917, plaintiff in error secured an order pro forma from this court to amend its petition in error, said order was obtained and said amendment made by interlineation almost nine months after the expiration of the time for filing the appeal, and in which amendments to the petition in error or case-made might be made. It is well settled in this jurisdiction that after the expiration of the time in which the petition in error may be filed it may be amended in form, but may not be amended by setting out new and distinct assignments of error. McConnell v. Cory, 33 Okla. 607, 127 Pac. 259; Creek v. Chicago, R. I. & P. Ry. Co., 47 Okla. 100, 147 Pac. 755; Keener v. Butler, 58 Okla. 163, 159 Pac. 468; Brown et al. v. Anderson, 61 Okla. 136, 160 Pac. 724; National Surety Co. v. First Bank of Texola, 67 Okla. 110, 169 Pac. 1091.

In the case of National Surety Company v. First Bank of Texola, supra, this court, in an opinion by Mr. Justice Hardy, in the third paragraph of the syllabus, held:

"A petition in error cannot be amended by assigning error in overruling petitioner's motion for a new trial after six months from the rendition and entry of the judgment appealed from."

In response to defendant's motion to dismiss the appeal, counsel for plaintiff contended: First, that under the amendment made the petition in error assigned as error the overruling of its motion for a new trial; second, that assignments numbered 2 to 7, inclusive, present material error; third, that the language used in assignments 2 and 7 is equivalent to an assignment that the court erred in overruling the motion for a new trial; and, fourth, it was unnecessary to file a motion for new trial to present the alleged error of the court in sustaining a demurrer to the evidence. It is further contended that the amendment did not insert a new assignment of error, but merely cleared up an obscure one, and only made plain what was the intention of counsel when the petition in error was prepared. With this contention we cannot agree, for the reason that the language employed in the first assignment of error before the amendment was made did not in any way refer to the motion for a new trial, and the interlineation made amounted to a new assignment of error, which was unauthorized under the decisions of this court. The action of the court in overruling the demurrer to

the evidence was an alleged error occurring at the trial.

In the leave asked to amend the petition in error it was not stated that leave was asked for the purpose of incorporating a new assignment of error. The fact that the permission was granted does not foreclose the question. In Brown et al. v. Anderson, supra, speaking on this identical point, the court, in an opinion by Commissioner Galbraith, said:

"It is insisted that, the matter of allowing an amendment to the petition in error being discretionary with the court, and the amendment having been made, the motion to dismiss is not well taken, and should be denied. To that view we do not assent. We take it that the permission to amend the record was given pro forma, and that it was not contemplated at the time of giving such permission that any amendment would be made not permitted by the established practice in this jurisdiction and that it was not intended by granting such permission to hold that the court could by such order extend the time for commencing proceedings in error, or that the plaintiff in error would amend his petition in error by assigning an entirely new assignment of error. Under the established practice of this court much liberality is shown in allowing amendments to the record in matters of form so as to make it speak the truth, but it has never been held, so far as we are advised, under an order permitting an amendment, that a new and distinct assignment of error was authorized. On the contrary, it has been held that the petition in error cannot be amended after the time has run for commencing proceedings in error by assigning a new assignment of error, for the reason that this would permit filing a new cause of action after the statute of limitation had run."

To the same effect is McConnell v. Cory, supra.

The court excluded certain letters and contracts offered in evidence by plaintiff, and in discussing the action of the trial court in sustaining defendant's demurrer to the evidence counsel for plaintiff, in their brief, say:

"If we consider that this evidence was all properly excluded, then the conclusion arrived at by the trial court, sustaining a demurrer to the evidence, might be proper, but we believe the court committed basic and material error in excluding these instruments."

It is apparent then that under the practice in this jurisdiction the errors complained of are such as we are precluded from inquiring into under the state of the record, and the judgment of the trial court is therefore affirmed

All the Justices concur, except HARRISON, J., absent.